[No. 7766.  Decided April 17, 1909.]

MAURICE WINDMILLER, *Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*[1]

CARRIERS—OF GOODS—LOSS IN TRANSIT—CONTRACT—RELEASED VALUE—LIABILITY FOR THEFT. Where, in order to secure a lower rate, a shipper of a case of furs, valued at $3,000, enters into a contract to release the value to $1 per pound, the carrier is not liable in excess of the released value for loss in transit, evidently by theft, on the theory that the theft must have been committed by an employee of some connecting carrier, for which the initial carrier would be responsible.

Appeal from a judgment of the superior court for King county, Yakey, J., entered July 23, 1908, upon findings favorable to defendant, after a trial before the court without a jury, in an action for the loss of furs shipped by plaintiff over defendant's railway. Affirmed.

*Peters & Powell* and *Marion Edwards*, for appellant, contended, *inter alia*, that a carrier cannot secure exemption from gross negligence or wilful misconduct by stipulation in the contract of carriage as to the value of the thing shipped. *Georgia Pac. R. Co. v. Hughart*, 90 Ala. 36, 8 South. 62; *Chicago & N. W. R. Co. v. Chapman*, 133 Ill. 96, 24 N. E. 417, 23 Am. St. 587, 8 L. R. A. 508. In conversion, after demand, the burden of proof is upon the carrier to prove that it was not guilty of negligence, and released value stipulations are of no avail. *Bird v. Georgia Railroad*, 72 Ga. 655; *Savannah etc. R. Co. v. Sloat*, 93 Ga. 803, 20 S. E. 219; *Central of Georgia R. Co. v. Chicago Portrait Co.*, 122 Ga. 11, 49 S. E. 727, 106 Am. St. 87; *Georgia Southern etc. R. Co. v. Johnson, King & Co.*, 121 Ga. 231, 48 S. E. 807; *Southern Express Co. v. Newby*, 36 Ga. 635, 91 Am. Dec. 783; *Read v. St. Louis etc. R. Co.*, 60 Mo. 199; *Western Transp. Co. v. Newhall*, 24 Ill. 466; *Johnson v. Alabama etc. R. Co.*, 69 Miss. 191, 30 Am. St. 534. The burden is

[1] Reported in 101 Pac. 225.

upon the carrier to bring the loss within the exception of the contract. *Southern Express Co. v. Newby, supra; Propeller Niagara v. Cordes,* 21 How. 7, 16 L. Ed. 41; *Toledo etc. R. Co. v. Hamilton,* 76 Ill. 393; *The Warren Adams,* 74 Fed. 413; *Cooper v. Raleigh etc. R. Co.,* 110 Ga. 659, 36 S. E. 240; *Parker v. Atlantic Coast Line R. Co.,* 133 N. C. 335, 63 L. R. A. 827. Exemption from negligence must be expressly provided for in the contract. *Canfield v. Baltimore etc. R. Co.,* 93 N. Y. 532, 45 Am. Rep. 268; *Mynard v. Syracuse etc. R. Co.,* 71 N. Y. 180, 27 Am. Rep. 28; *Blum v. Monahan,* 36 Misc. Rep. 179, 73 N. Y. Supp. 162; *Bermel v. New York etc. R. Co.,* 62 App. Div. 389, 70 N. Y. Supp. 804, *Id.,* 65 N. E. 1113; *Doyle v. Baltimore etc. R. Co.,* 126 Fed. 841; *United States Lace Curtain Mills v. Oceanic Steam Nav. Co.,* 145 Fed. 701; *Kansas City etc. R. Co. v. Simpson,* 30 Kan. 645, 2 Pac. 821, 46 Am. Rep. 104; *Central of Georgia R. Co. v. Hall,* 124 Ga. 322, 52 S. E. 679, 110 Am. St. 170; *Moulton v. St. Paul etc. R. Co.,* 31 Minn. 85, 16 N. W. 497, 47 Am. Rep. 781; *United States Express Co. v. Backman,* 28 Ohio St. 144; *Georgia Southern etc. R. Co. v. Johnson, King & Co., supra; Kansas City S. R. Co. v. Embrey,* 76 Ark. 589, 90 S. W. 15. The burden of proving the reasonableness and the fairness of a contract restricting the carrier's liability is on the carrier. *Louisville & N. R. Co. v. Gilbert,* 88 Tenn. 430, 12 S. W. 1018, 7 L. R. A. 162; *Murphy v. Wells-Fargo & Co. Express,* 99 Minn. 230, 108 N. W. 1070. A released valuation clause must be upon a *bona fide* valuation to relieve from liability for negligence. Hutchinson, Carriers, §§ 425, 431; *Georgia R. & Banking Co. v. Keener,* 93 Ga. 808, 21 S. E. 287, 44 Am. St. 197; *Southern R. Co. v. Jones,* 132 Ala. 437, 31 South. 501; *Murphy v. Wells-Fargo & Co. Express, supra; Alair v. Northern Pac. R. Co.,* 53 Minn. 160, 54 N. W. 1072, 39 Am. St. 588, 19 L. R. A. 764; *Douglass Co. v. Minnesota Transfer R. Co.,* 62 Minn. 288, 64 N. W. 899, 30 L. R. A. 860; *St. Louis etc. R. Co. v. McIntyre* (Tex. Civ. App.), 82 S. W. 346; *Georgia Pac. R. Co. v. Hughart, supra; Nashville etc. R.*

*Co. v. Stone & Haslett,* 112 Tenn. 348, 79 S. W. 1031, 105 Am. St. 955; *Everett v. Norfolk etc. R. Co.,* 138 N. C. 68, 50 S. E. 557, 1 L. R. A. (N. S.) 985.

*Carroll B. Graves,* for respondent.

DUNBAR, J.—On May 10, 1905, appellant shipped from Seattle, over respondent's railroad and connecting lines, a case of furs, of the real value, as appellant contends, of $3,111. Upon delivery to the carrier, the value was stated by appellant at $3,000. The freight demanded was something over $30. Appellant, deeming this unreasonable, remonstrated, and the respondent offered to carry the goods to New York for $5.05, if appellant would release the value to one dollar per pound. Appellant elected to do this, and a bill of lading was issued upon which was written the stated value $3,000, and the words "release to value of one dollar per pound." When the case arrived at New York and was about to be delivered, it was discovered that it had been tampered with. Thereupon the case was opened in the presence of the agent's last connecting carrier and the representatives of the consignee, and it was found that the furs, to the value of $1,920 as appellant claims, had been abstracted, and in their place had been substituted nineteen copies of Everybody's Magazine. The case with the magazines weighed at New York one hundred and sixty pounds; without the magazines, one hundred and thirty-seven pounds. Upon the respondent's way bill the weight was stated at one hundred and twenty pounds. Respondent made no explanation, at the time of the discovery of the loss, or afterwards, as to the cause or manner of the loss. The appellant was the owner of the goods, at the time of their shipment and during transportation. The respondent in transporting the furs delivered the same to its connecting carrier, Minnesota Transfer, at St. Paul, and the connecting carrier noted no exception as to the condition of the case. The respondent's regular tariff for carrying dry skins, such as those involved in this action,

provides for the addition to the rate, based on the value of $1 per pound, of one and one-fourth per cent of the additional valuation, unless the shipper releases the value of the goods to $1 per pound. This is appellant's statement of the case, and is in substantial accord with the findings of the court.

The appellant sued respondent, claiming compensation for the actual value of the goods lost. The case was tried by the court without a jury, and after findings of fact, the conclusion of law announced was that the appellant was entitled to recover on account of the loss of furs referred to in the findings of fact and of the estimated weight of fifty pounds, in the sum of $50 and the costs of suit. From this judgment this appeal is taken.

There is no contention on the part of the respondent that the company was not responsible for the amount found by the court, viz., $1 per pound for the goods that were lost, and while the discussion in appellant's brief takes a somewhat broad range, there is really only one question involved in the case, viz.: Is appellant entitled to recover the actual value of his goods lost, or only the released value of $1 per pound? It is the contention of the appellant in this case that it plainly appears from the testimony that the furs were lost by theft, and that the only reasonable inference of fact is that the theft was by some one in the employ of one of the respondent's connecting carriers; and that, under such circumstances, the appellant is not bound by the contract which he made with the carrier. Appellant cites *Allen & Gilbert-Ramaker Co. v. Canadian Pac. R. Co.*, 42 Wash. 64, 84 Pac. 620, to sustain the rule that, under the law of this state, an initial carrier is responsible for the acts of the connecting carriers and their servants. While that doubtless is the rule, the responsibility of the carrier is confined to its contract. It may be conceded that it is the law of this state that the respondent's liability extends to the acts of the connecting carriers; but, conceding this, there still remains the vital question of what the responsibility is under the contract.

. This case, it seems to us, falls squarely within the rule an-
nounced by this court in *Hill v. Northern Pac. R. Co.*, 33
Wash. 697, 74 Pac. 1054, where it was held that, where a
contract of carriage signed by the shipper is fairly made with
a railroad company, agreeing on a valuation of the property
carried, with the rate of freight based on the condition that
the carrier assumes liability only to the extent of the agreed
valuation, the contract will be upheld as a proper and lawful
mode of securing a due proportion between the amount for
which the carrier may be responsible and the freight it re-
ceives, and of protecting itself against extravagant and
fanciful valuations.   This case was based upon the case of
*Hart v. Pennsylvania R. Co.*, 112 U. S. 331, 5 Sup. Ct. 151,
28 L. Ed. 717, where the same doctrine was announced.
That case involved a shipment of horses.   A contract was
made with the railroad company releasing valuation to a cer-
tain value.   During the transit, one of the horses was killed
and others were injured, and suit was brought for the full
alleged value of the horses; and the court held that the ship-
per would be bound by the conditions of his contract, saying:

"The presumption is conclusive that, if the liability had
been assumed on a valuation as great as that now alleged, a
higher rate of freight would have been charged.   The rate
of freight is indissolubly bound up with the valuation.   If
the rate of freight named was the only one offered by the de-
fendant, it was because it was a rate measured by the valua-
tion expressed.   If the valuation was fixed at that expressed,
when the real value was larger, it was because the rate of
freight named was measured by the low valuation.   The plain-
tiff cannot claim higher valuation, on the agreed rate of
freight."

In the case at bar there is no room for presumption.   It is
conceded that if the liability had been assumed on the full
valuation of the furs shipped, a higher rate of freight would
have been charged.   Nor is this a case where a contract is
hurriedly forced upon a shipper or where the conditions
relied upon are written in small type in long and involved

contracts where there is a serious question concerning the knowledge of the shipper as to the stipulations therein contained, because in this case the matter was discussed with the agent of the railroad company. The trusted agent of the shipper, who conveyed the goods to the depot, believing that the rate was higher than his principal would desire to pay, refused to pay the freight, and informed the appellant of the amount charged. The appellant then had a conference with the carrier, and was informed that the only way that he could escape paying the full shipping value was by a release of the value to $1 per pound; and the contract was then made between the appellant and the carrier that such should be the contracted value of the goods.

It can readily be seen that the principle contended for by the respondent is not an equitable one, because if the goods had been carried through safely he would have received the benefit of the contract which he entered into for a lower price. But the venture having failed, he does not now wish to accord to the carrier the benefit which accrued to it by reason of this release contract. In other words, he reaps the benefit of the contract if there is no loss, and the carrier is made responsible for the whole value if there is a loss. The reason for sustaining a contract of this kind is pointedly expressed by the supreme court of the United States in *Hart v. Pennsylvania R. Co., supra,* in the following language:

"The limitation as to value has no tendency to exempt from liability for negligence. It does not induce want of care. It exacts from the carrier a measure of care due to the value agreed on. The carrier is bound to respond in that value for negligence. The compensation for carriage is based on that value. The shipper is estopped from saying that the value is greater. The articles have no greater value, for the purposes of contract of transportation, between the parties to that contract. The carrier must respond for negligence up to that value."

True, it must be that it exacts from the carrier the measure of care due to the value agreed on, and that is the essential

idea in the transaction. It is nothing more than fair to the carrier that it should be aware of the value of goods taken in charge by it, so that it may be on its guard to exercise the measure of care due to the value agreed on. For instance, if a box of jewels of great value were shipped with the full value specified, it would be reasonable to suppose that the carrier would exercise greater care in looking after such goods than it would in looking after a cargo of wool or some cheaper material, where the responsibility would be small in comparison, in case of a loss. These questions were all discussed in *Hill v. Northern Pac. R. Co., supra.* Some of the cases cited by the appellant, and many others involving the same principle, were considered by the court in that case, and we are unable to distinguish in any important particular the difference in principle between that case and this, and are inclined to sustain the decision there announced.

There are some other questions raised by appellant in his brief, but as we view the case, under the undisputed testimony and findings of fact, it would be impossible for the appellant to recover a greater judgment than he did recover, and the judgment will therefore be affirmed.

CROW, MOUNT, CHADWICK, GOSE, and FULLERTON, JJ., concur.

PARKER and MORRIS, JJ., took no part.